JAMES STEVENS vs. BENJAMIN PARKER & another.

If the payee of a draft which is not negotiable assigns the same and afterwards releases the acceptor, and there is no evidence of the actual payment of any consideration for the release, but there is evidence that before accepting the release the acceptor was informed by a third person of the assignment of the draft, the release is not conclusive evidence in favor of the acceptor in an action brought against him by the assignee in the name of the payee, but the question should be submitted to the jury to determine whether the release was obtained in good faith or collusively.

CONTRACT, brought in the name of the plaintiff by James M. Stevens, upon an order or draft of John Friend, accepted by the defendants, to pay to the plaintiff or order the proceeds of certain bricks after deducting therefrom $700 and interest. At the trial in the superior court, upon facts which are stated in the opinion, *Morton*, J. ruled that the plaintiff was not entitled to recover, and a verdict was returned for the defendants. The plaintiff alleged exceptions.

*S. J. Thomas*, for the plaintiff.

*1. W. Richardson & T. S. Dame*, for the defendants, cited *Short* v. *Woodward*, 13 Gray, 86 ; *Rice* v. *Woods*, 21 Pick. 30 ; *West Boylston Manuf. Co.* v. *Searle*, 15 Pick. 225 ; *Deland* v. *Amesbury Manuf. Co.* 7 Pick. 244 ; *Foster* v. *Sinkler*, 4 Mass. 450 ; *Comstock* v. *Farnum*, 2 Mass. 96.

HOAR, J. The bill of exceptions shows that one James M. Stevens was the holder for value of a draft, accepted by the defendants in March, 1857, payable to the plaintiff or his order, and by him indorsed after it was due. The draft was not a negotiable instrument, and the holder therefore brings this action in the name of the payee. The defendants rely for their defence upon a release from the nominal plaintiff, dated March 12, 1859 ; and the judge who presided at the trial ruled that this release was a bar to the action, and withdrew the case from the jury. Whether this ruling was right is the question to be decided.

A witness for the plaintiff testified that in the fall or winter of 1858, knowing that James M. Stevens held this order, he called Mr. Parker's attention to the fact.

An assignment of a chose in action, made in good faith, transfers the property in it to the assignee, and if it be not negotiable will authorize the assignee to recover it in a suit in the name of the assignor. But while the debtor is certainly under no obligation to the assignee upon his contract until he has notice of the assignment, and a payment to or settlement with the assignor, made in good faith and without such notice, will discharge the debt, yet a court of law will protect the right of the assignee against any fraudulent or collusive settlement between the assignor and the debtor.

And we think that in this case the evidence should have been submitted to the jury, to determine whether the release was made in good faith, and without knowledge or belief that the acceptance was the property of James M. Stevens, or whether it was made collusively, and to deprive him of his rights. It is true that notice, to be absolutely binding, should be given by the assignee, and that evidence of his title should be furnished to the debtor, if required. And we do not regard information casually given by a stranger as in itself sufficient, under all circumstances, to affect the debtor with notice. Coming from a person who has no claim on his attention, and no right to require any action on his part, it might be disregarded or discredited, or escape his memory. But there are circumstances connected with this transaction which a jury might properly consider upon the question of good faith.

The assignor certainly knew of the assignment, and he could not honestly discharge the debt after it was made. The debtor had at least received some information before the execution of the release, that the demand had been transferred. It did not appear that he paid the debt, or that it was taken into account in any settlement, or that it had been in any manner satisfied. There was no evidence of any consideration for the release, except what is implied in law from its being an instrument under seal.

We are therefore of opinion that the case should be submitted to a jury to determine whether the release, so far as this claim is concerned, was actually made upon any payment or settlement

22 *

made in good faith between the parties to it, or whether it was executed and accepted collusively, and with a design to deprive the assignee of rights which were known by the debtor although no formal notice had been given.

*New trial granted.*